UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DEBORAH MCQUEEN,<br><br>                Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>                Defendant. | CASE NO. 3:15-cv-05893 JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 8; Consent to Proceed Before a United States Magistrate Judge, Dkt. 9). Plaintiff has filed an Opening Brief, to which defendant has filed a Response (*see* Dkt. 19, 27).

After considering and reviewing the record, the Court concludes that the ALJ erred in failing to discuss significant probative evidence. Because this error is not

harmless, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

## BACKGROUND

Plaintiff, DEBORAH MCQUEEN, was born in 1961 and was 49 years old on the alleged date of disability onset of August 6, 2010 (*see* AR. 322-23). Plaintiff did not graduate from high school but has obtained her GED (AR. 44). Plaintiff has past work history as a caregiver (AR. 372).

According to the ALJ, through the date last insured, plaintiff had at least the severe impairments of "degenerative disc disease, degenerative joint disease, status post rotator cuff repair, diabetes mellitus, hypertension, obesity, and affective disorder (20 CFR 404.1520(c))" (AR. 20).

At the time of the hearing, plaintiff was living in a house with her husband (AR. 45).

## PROCEDURAL HISTORY

Plaintiff's application for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) of the Social Security Act was denied initially and following reconsideration (*see* AR. 73-85, 87-99, 101-13, 119-25). Plaintiff's requested hearing was held before Administrative Law Judge Kimberly Boyce ("the ALJ") on January 6, 2014 (*see* AR. 34-71). On April 3, 2014, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 15-33).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) The RFC determination is not supported by substantial evidence because the ALJ failed to account for evidence revealing greater manipulative limitations; (2) The ALJ erred as a matter of law in failing to discuss any of the treatment notes from treating physician Dr. Naiman; and (3) The credibility determination is not supported by substantial evidence because the ALJ improperly ignored evidence of limitations which were contrary to her findings (*see* Dkt. 19, pp. 1-2).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

(1) **Is the RFC determination not supported by substantial evidence because the ALJ failed to account for evidence revealing greater manipulative limitations?**

Plaintiff contends that the majority of the evidence in the treatment record was not discussed by the ALJ and that this evidence revealed greater manipulative limitations than found by the ALJ. Defendant contends that plaintiff simply offers a different interpretation of the medical record and that as long as substantial evidence in the record supports the RFC opined by the ALJ, this matter should be affirmed.

When an opinion from an examining or treating doctor is contradicted by other medical opinions, the treating or examining doctor's opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). In addition, the Commissioner "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (quoting *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (quoting *Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores, supra*, 49 F.3d at 571.

Dr. Bryan G. Marchant MD, orthopedic surgeon, examined plaintiff and provided an opinion approximately five months prior to plaintiff's alleged date of disability onset, although this opinion is contradicted by the opinion from a doctor who examined plaintiff during the alleged period of disability, Dr. Hamilton (*see* AR. 699-712, 743; *see also, e.g.*, AR. 914-20). Dr. Marchant noted that plaintiff "did have decreased range of shoulder motion bilaterally" (AR. 711). He also noted that plaintiff suffered from "significant diffuse tenderness to palpitation without focal lesion bilaterally, including tenderness over the AC joints bilaterally, bicipital groove, coracoid, anterolateral and acromion extending down over the deltoid distally along each shoulder" (AR. 709). He opined that plaintiff could sit for a total of four hours during an entire eight hour day, and stand or walk for a total of two hours each during an eight hour day (AR. 743). He also opined that plaintiff could frequently lift and carry only up to 5 pounds (*id.*). He opined

that she occasionally could lift and carry 5 to 10 pounds, and seldom lift or carry 11 to 25 pounds (*id*.). He opined that she never could lift or carry over 25 pounds (*id*.). Importantly, he also opined that she never could reach above shoulder level (*id*.). This medical evidence is significant probative evidence that the ALJ erred by failing to discuss. *See Flores, supra*, 49 F.3d at 571.  Defendant argues that it is not significant and probative evidence in part because the evaluation was made five months prior to plaintiff's alleged date of disability onset.

Regarding the timing of the doctor's evaluation, the Ninth Circuit specifically has "held that 'medical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the preexpiration condition.'" *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1996) (quoting *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988)) (footnote omitted); *cf. Taylor v. Comm'r SSA*, 659 F.3d 1228, 1232 (9th Cir. 2011) ("if the Appeals Council rejected Dr. Thompson's opinion because it believed it to concern a time after Taylor's insurance expired, its rejection was improper").

Just as "medical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the pre-expiration condition," medical evaluations made before the accessed period of time begins similarly are relevant. *See Smith*, *supra,* 849 F.2d at 1225-26 (collecting cases). The Ninth Circuit in *Smith* concluded that "it is clear that reports containing observations made after the period for disability are relevant to assess the claimant's disability." *Id.* (citing *Kemp v. Weinberger*, 522 F.2d 967, 969 (9th Cir. 1975)). It is logical that medical observations suggesting that a claimant suffered from limitations at one point are relevant to the question of whether or not the claimant

suffered from the same limitations either before or after that point. Although opinions rendered contemporaneously may have greater relevance, such fact does not render medical opinions from a different period of time irrelevant. The medical opinions that plaintiff suffered from certain limitations five months prior to August 6, 2010 make it more likely than not that she may have still suffered from such limitations after August 6, 2010.

Although doing so in an unpublished opinion, the Ninth Circuit in *Williams* concluded that an "ALJ erred in failing to consider [medical opinions predating the claimant's alleged onset of disability]." *Williams v. Astrue*, 493 Fed. Appx. 866, 868 (9th Cir. 2012) (unpublished opinion). The Ninth Circuit relied on its precedent that "'[t]he ALJ must consider all medical opinion evidence.'" *Id*. (citing *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 1996) (other citations omitted)); *see also Davidson v. Colvin*, 2015 U.S. Dist. LEXIS 131892, *34-37, 2015 WL 5771800 (N.D. Tex. 2015) (unpublished opinion) (collecting cases) (concluding that "medical opinions may not be ignored just because they predate the disability onset date" after observing that other circuits have "found that an ALJ may not simply ignore medical opinions because they pre-date the onset of disability . . . . since that evidence can be relevant to a claim of disability" (citing and quoting "*Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) (finding that the ALJ erred by failing to acknowledge any of the medical evidence before the year that the claimant's disability allegedly began because the regulations required him to consider all of the evidence in the record when determining whether the claimant was disabled); *DeBoard v. Commissioner of Social Security*, 211 F. App'x 411,

414 (6th Cir. 2006) ('We do not endorse the position that all evidence or medical records predating the alleged date of the onset of disability ... are necessarily irrelevant.... We recognize that evidence ... predating the onset of disability, when evaluated in combination with later evidence, may help establish disability'); *Burks—Marshall v. Shalala*, 7 F.3d 1346, 1348 n. 6 (8th Cir. 1993) ('Evidence from the record of a prior claim may be relevant to a claim of disability with a later onset date'") (some internal citations omitted)) (citing 20 C.F.R. § 404.1527(c)(2)). The Court finds persuasive the Ninth Circuit's conclusion in *Williams,* and the similar conclusion by other circuits, that an ALJ errs by failing to consider medical opinion evidence from shortly before the period of alleged disability if that evidence is significant and probative. *See Williams,* 493 Fed. Appx. at 868.

    This conclusion is buttressed by a relevant federal regulation regarding the responsibility of the Social Security Administration:

> Our responsibility. Before we make a determination that you are not disabled, we will develop your complete medical history for at least the 12 months preceding the month in which you file your application unless there is a reason to believe that development of an earlier period is necessary or unless you say that your disability began less than 12 months before you filed your application.

20 C.F.R. § 404.1512.

    This federal regulation demonstrates that medical opinion evidence provided prior to the period of time for which a claimant's ability to work is addressed can be relevant, even potentially for more than a year prior to the filing of an application. *See id.*

Furthermore, there is extensive medical evidence regarding plaintiff's decreased range of motion in her arms and shoulders, much of which the ALJ failed to discuss. For example, plaintiff cites to a treatment record in which plaintiff was observed to have a very poor shoulder range of motion bilaterally (*see* AR. 790). This observation was provided by plaintiff's treating physician, Dr. Theodore S Naiman, II, M.D. on August 8, 2011, almost a year after plaintiff's alleged onset date of disability. Although the ALJ mentioned some of Dr. Naiman's treatment notes, she did not reference Dr. Naiman by name and did not acknowledge the fact that he was plaintiff's treating physician. Furthermore, there were many records from Dr. Naiman that were not mentioned at all by the ALJ in addition to the one already noted. As a further example, on November 30, 2011, Dr. Naaman noted that plaintiff had "very poor range of motion of the shoulders bilaterally in the neck, painful with attempts" (AR. 783). Similarly, Dr. Antoine Jones, M.D. on August 19, 2010, observed that plaintiff reported significant pain with the Hawkins' maneuver and any type of passive movement in her shoulders, as well as diffuse tenderness to palpitation (AR. 468). He also reported that plaintiff had "decreased cervical range of motion in all planes with increasing neck pain particularly with extension and lateral rotation" (*id*.).

The ALJ also failed to discuss some important records from plaintiff's treating physician from prior to her alleged date of disability onset. On January 15, 2010, plaintiff's treating physician, Dr. Naiman observed that plaintiff was "tearful, depressed, unhappy [and demonstrated] very poor range of motion of the shoulders bilaterally and has pain with flexion beyond 30 degrees" (AR. 496). Although, this particular treatment

record is from eight months prior to plaintiff's alleged date of disability onset, Dr. Naiman opined that plaintiff was "currently unable to work in any capacity" (AR. 495; *see also* AR. 499 ("right shoulder pain is probably frozen shoulder or adhesive capsulitis, possibly related to her diabetes [and she] is currently unable to work in any capacity due to severe daily pain and inability to use the upper extremities"), 500 ("very poor range of motion of the shoulders bilaterally and cries in pain when attempting to abduct or elevate")).

There are other treatment records from plaintiff's treating physician during the alleged time of disability that the ALJ failed to discuss. As yet another example, on March 4, 2011 Dr. Naiman noted that plaintiff is "Tearful, depressed. Has pain with elevation of arms bilaterally" (AR. 446). At this time, Dr. Naiman opined that plaintiff suffered from chronic bilateral shoulder pain that was complicated by severe depression and was "unimproved" (*see* AR. 445). In the context of his previous opinion that she was unable to work in any capacity, this opinion during the period of time of alleged disability that she was "unimproved" is significant probative evidence that the ALJ erred in failing to discuss. *See Flores, supra*, 49 F.3d at 571.   Similarly, on August 8, 2011, Dr. Naiman observed that plaintiff demonstrated "very poor range of motion of the shoulders bilaterally" (AR. 790).

Based on the record as a whole and for the reasons discussed, the Court concludes that the ALJ erred when failing to discuss significant probative evidence from both just prior to plaintiff's alleged date of disability onset, and significant probative evidence

from plaintiff's treating physician during the time of alleged disability. The Court also concludes that the error is not harmless.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). Recently the Ninth Circuit reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. July 10, 2015) (citing *Stout,* 454 F.3d at 1055-56). The court further indicated that "the more serious the ALJ's error, the more difficult it should be to show the error was harmless." *Id.* at 792 F.3d 1170 (noting that where the ALJ did not even mention a doctor's opinion that plaintiff was "pretty much nonfunctional," it could not "confidently conclude" that the error was harmless) (citing *Stout,* 454 F.3d at 1056; *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 750 (6th Cir. 2007)). In *Marsh,* even though "the district court gave persuasive reasons to determine harmlessness," the Ninth Circuit reversed and remanded for further administrative proceedings, noting that "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Id.* (citing 20 C.F.R. § 404.1527(d)(1)-(3)).

The ALJ's residual functional capacity ("RFC") conflicts with the opinion from Dr. Marchant in a number of ways, including the ALJ's finding that plaintiff could stand and walk for about six hours and sit for about six hours, and also that she occasionally could reach overhead with both upper extremities (*see* AR. 23). As noted, Dr. Marchant opined that plaintiff never could reach above shoulder level (AR. 743). Similarly, although plaintiff's treating physician, Dr. Naiman, did not provide specific functional limitations, he did opine multiple times that she was "unable to work in any capacity" and that subsequently, during the period of alleged disability, that her condition was "unimproved" (*see* AR. 445, 495, 499). It is clear that a reasonable ALJ when crediting fully this medical evidence which the ALJ failed to discuss could have reached a different disability determination. Therefore the error is not harmless, and this matter must be reversed and remanded for further administrative consideration of the medical evidence. *See Marsh*, 792 F.3d at 1173. The Court notes that when formulating her RFC, the ALJ relied on medical evidence offered after March, 2013, and plaintiff may have been disabled from August, 2010 until March, 2013, as the medical objective and opinion evidence from Dr. Marchant and Dr. Naiman suggests.

  (2) **Whether or not the ALJ erred as a matter of law in failing to discuss any of the treatment notes from treating physician Dr. Naiman.**

The Court already has noted that the ALJ discussed some treatment notes from treating physician, Dr. Naiman, *see supra*, section 1. The Court also already has noted that the ALJ erred by failing to discuss significant, probative evidence within Dr.

Naiman's treatment records, *see supra*, section 1. For these reasons, this argument by plaintiff already has been addressed, *see supra*, section 1.

    (3)    **Whether or not the ALJ's failure to credit fully plaintiff's allegations regarding her limitations is not supported by substantial evidence because the ALJ improperly ignored evidence of limitations which were contrary to her findings.**

The Court already has concluded that the ALJ erred in reviewing the medical evidence and that this matter should be reversed and remanded for further consideration, *see supra*, section 1. In addition, the evaluation of a claimant's statements regarding limitations relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c); SSR 16-3p, 2016 SSR LEXIS 4. Therefore, plaintiff's testimony and statements should be assessed anew following remand of this matter.

### CONCLUSION

Based on the stated reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 27th day of July, 2016.

J. Richard Creatura
United States Magistrate Judge